T.C. Summary Opinion 2003-118

UNITED STATES TAX COURT


DONNELL L. JAMES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3668-02S.               Filed August 25, 2003.


Donnell L. James, pro se.

Daniel J. Parent, for respondent.


PAJAK, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's 1999

Federal income tax in the amount of $2,540.  The Court must decide whether petitioner has a written waiver from the custodial parent so that he is entitled to claimed dependency exemption deductions for Donnell James II and Destiney James.

Some of the facts in this case have been stipulated and are so found.  Petitioner resided in Stockton, California, when his petition was filed.

During their marriage, petitioner and Trudy James (Ms. James) had two children.  Donnell James II was born on May 20, 1989, and Destiney James was born on March 7, 1994.  On March 4, 1999, the Notice of Entry of Judgment for the dissolution of the marriage between petitioner and Ms. James was entered.  Ms. James was awarded sole physical custody of both children and had physical custody during 1999.

On her 1999 Federal income tax return, Ms. James claimed dependency exemption deductions for Donnell James II and Destiney James.  Following an audit of Ms. James' 1999 Federal income tax return, respondent allowed Ms. James the dependency exemptions for both children.

On his 1999 Federal Income tax return, petitioner claimed dependency exemptions for both children.  Following an inquiry by respondent, petitioner provided respondent with a copy of a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents.  A copy of this form was also sent to

respondent's Service Center at the time petitioner electronically filed his 1999 Federal income tax return along with the form containing petitioner's signature. Respondent disallowed the two exemptions claimed by petitioner.

Section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent, as defined in section 152. Under section 152(a), the term "dependent" means, in pertinent part, a son or daughter of the taxpayer over half of whose support was received from the taxpayer. Sec. 152(a)(1).

In the case of a child of divorced parents, section 152(e)(1) provides in pertinent part that if a child receives over half of his support from his parents who are divorced under a decree of divorce and the child is in the custody of one or both of his parents for more than one-half of the year, then the child will be treated as receiving over half of his support from the parent having custody for a greater portion of the calendar year.

Section 1.152-4(b), Income Tax Regs., provides that the term "custody" is "determined by the terms of the most recent decree of divorce". Because the divorce decree grants Ms. James full custody of both children, she is considered the children's "custodial parent" under section 152(e). Cafarelli v. Commissioner, T.C. Memo. 1994-265.

Petitioner, as the "noncustodial parent", is allowed to

claim the children as dependents only if one of three statutory exceptions in section 152(e) is met. If an exception is met, the "noncustodial parent" is treated as providing over half of a child's support. We focus on section 152(e)(2), the one exception on which petitioner relies.

Section 152(e)(2) will apply if "the custodial parent signs a written declaration" that such custodial parent will not claim such child as a dependent, and the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year.

A Form 8332 was provided by petitioner. Ms. James signed the form for 1997 before other words were added. Petitioner at trial admitted he wrote the words "98 'All Future Years'" after the reference to 1997 on the Form 8332. Petitioner claimed this was agreed to verbally, which is inconsistent with the fact that Ms. James claimed both children for 1999.

Under the statute, the "custodial parent" must sign a "written declaration" releasing his or her claim to the exemption. For 1999, petitioner had no written declaration signed by the custodial parent, Ms. James. See sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984). Petitioner was not entitled to claim the dependency

- 5 -

exemptions.

Reviewed and adopted as the report of the Small Tax Case
Division.

<u>Decision will be entered</u>

<u>for respondent</u>.